USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-15-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CONRAD COOPER,

                           Petitioner,

        -against-

UNITED STATES OF AMERICA,

                           Respondent.
-----------------------------------------------------------x

11 Civ. 3054 (PKC)
04 Cr. 801 (PKC)

MEMORANDUM AND ORDER

P. KEVIN CASTEL, District Judge:

        Petitioner Conrad Cooper has filed a petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, asserting that he was denied the effective assistance of counsel in violation of the Sixth Amendment. For the reasons explained, the petition is denied.

        The petitioner was tried with seven co-defendants, all of whom were alleged to have participated in a marijuana distribution conspiracy based in New York City. A fifteen-count Superseding Indictment included ten counts against the petitioner. (S21 04 Cr. 801 (PKC).) Following a six-week trial, the jury found petitioner guilty on all ten counts, including counts that charged him with murders, or aiding and abetting murders, in connection with narcotics trafficking and in aid of racketeering. On November 1, 2006, the undersigned sentenced petitioner principally to a term of imprisonment of life plus 120 months. (04 Cr. 801, # 362.)

        Petitioner subsequently filed a direct appeal to the United States Court of Appeals for the Second Circuit, which affirmed his conviction in a summary order. United States v. Shaw, 354 Fed. Appx. 439 (2d Cir. 2009). On April 28, 2011, the petitioner, who is pro se, filed the present petition.

The petitioner contends that he was denied the effective assistance of counsel, and that his Sixth Amendment rights were therefore violated. Under Strickland v. Washington, 466 U.S. 668, 688-90 (1984), a defendant first must overcome a presumption of effective representation by presenting evidence that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms. Second, the defendant must prove prejudice by showing a reasonable probability that but-for counsel's performance, the result would have been different. Id. at 693-94. It is insufficient to show that counsel's errors had "some conceivable effect" on the outcome. Id. at 693. Instead, the defendant must show "a probability sufficient to undermine confidence in the outcome." Mayo v. Henderson, 13 F.3d 528, 534 (2d Cir. 1994). I address each of the petitioner's ineffective assistance claims in turn.

First, petitioner contends that the Court's jury instructions amounted to a constructive amendment to the Superseding Indictment. The Fifth Amendment guarantees a defendant's right to be tried only on charges contained in an indictment, and an unconstitutional amendment occurs when an indictment's terms are either literally or constructively amended, and a defendant is subsequently convicted of an offense not charged by a grand jury. United States v. Clemente, 22 F.3d 477, 482 (2d Cir. 1994); United States v. Mollica, 849 F.2d 723, 728-29 (2d Cir. 1988). According to the petitioner, Counts One and Two of the Superseding Indictment, which respectively charged plaintiff with engaging in a racketeering enterprise and participating in a conspiracy to violate racketeering laws, were constructively amended in this Court's jury instructions. (Pet. at 3-5.) Specifically, in charging the jury on interstate commerce, the Court instructed that a racketeering enterprise may have participated in interstate commerce if "used telephone facilities that were interstate, or took money from businesses that had an effect on interstate commerce." (Pet. at 3-4; Apr. 6 Tr. at 3379-80.) Petitioner argues that the

Superseding Indictment was subject to a constructive amendment because the indictment made no reference to telephone usage or the taking of money from businesses engaged in interstate commerce. (Pet. at 4.) However, Counts One and Two charged that the racketeering enterprise was engaged in and affected interstate and foreign commerce, and the language cited by defendant merely offered examples of conduct that engaging in or affecting interstate commerce. (Superseding Indictment ¶¶ 2, 7, 14.) The Court's jury charge did not constructively amend the Superseding Indictment. See, e.g., United States v. Danielson, 199 F.3d 666, 669-70 (2d Cir. 1999) (charging "essential element" of participating in interstate commerce satisfies the Fifth Amendment's grand jury clause, so long as jury charge does not "concern[ ] behavior entirely separate from that identified in the indictment."). The petitioner has not established unreasonableness or prejudice in counsel's failure to object to the interstate commerce instruction.

Next, petitioner asserts that no evidence supported the jury's finding of a "RICO Interstate Commerce nexus" under Counts One, Two, Four, Five and Six. (Pet. at 6.) These counts charged petitioner with participating in a racketeering enterprise, racketeering conspiracy, and participation in conspiring to murder two individuals in aid of racketeering. Courts have upheld Congress's conclusion that local narcotics activity, including violent crime in furtherance of drug trafficking, "substantially affects interstate commerce," see, e.g., United States v. Walker, 142 F.3d 103, 111 (2d Cir. 1998), and that if a RICO enterprise has "even a de minimis effect on interstate commerce," violent acts in furtherance of that enterprise fall within interstate commerce, United States v. Mejia, 545 F.3d 179, 203 (2d Cir. 2008). In its jury instructions concerning interstate commerce, the Court stated that the jury "need not find a substantial effect on interstate or foreign commerce," that an individual defendant did not need to know "the

Case 1:04-cr-00801-PKC   Document 621   Filed 11/15/11   Page 4 of 5

4

enterprise was engaged in interstate or foreign commerce," and that interstate commerce needed to be "affected . . . in some minimal way." (Apr. 6 Tr. at 3379.) The evidence at trial included, among other things, testimony and exhibits concerning the interstate transport of marijuana. Petitioner has not shown unreasonableness or prejudice in counsel's failure to object to the Court's interstate commerce charge.

Certain of petitioner's assertions, generously construed, assert that counsel was ineffective for failing to raise a double jeopardy argument. (Pet. at 8.) Specifically, petitioner appears to assert that the firearms-related charges at counts nine and ten "are predicated and contingent upon" convictions on other counts, and that his convictions on counts nine and ten therefore must be vacated. (Pet. at 8; capitalization omitted.) Double jeopardy applies only when separate counts contain identical elements, but not when those separate counts charge similar underlying conduct. Blockburger v. United States, 284 U.S. 299 (1932); United States v. Chacko, 169 F.3d 140, 145 (2d Cir. 1999); Knapp v. Leonardo, 46 F.3d 170, 178 (2d Cir. 1995). The firearms offenses of counts nine and ten contain elements that vary from others charged in the Superseding Indictment. Petitioner has not shown unreasonableness or prejudice under Strickland based on counsel's failure to assert double jeopardy.

Petitioner argues that his trial counsel failed to satisfy Strickland in failing to "conduct a reasonabl[e] investigation and examination of the facts, circumstances, pleadings and laws involved in his case before, during and at the conclusion of trial." (Pet. at 8; capitalization omitted.) First, petitioner has not articulated what factual investigation counsel failed to undertake. He therefore has not established that counsel neglected "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Cullen v. Pinholster, 131 S. Ct. 1388, 1407 (2011) (emphasis in original;

quotation marks omitted). Petitioner also appears to argue that Counts Seven and Eight, which charged him with murder in connection with a drug crime, were not charged to the jury as part of a "continuing criminal enterprise," and that the jury's guilty verdict therefore had no nexus to interstate commerce. While petitioner's reasoning is somewhat difficult to follow, the petitioner was not charged with participation in a continuing criminal enterprise, so no such jury instruction was required. Moreover, as previously discussed, the Court properly instructed the jury on the law governing interstate commerce. Petitioner has not shown unreasonableness or prejudice under Strickland based on counsel's purported "failure to investigate."

CONCLUSION

The Petition is DENIED. The Clerk is directed to enter judgment for the respondent (11 Civ. 3054) and to terminate the Petition. (04 Cr. 801, Entry of 4/28/11.)

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: New York, New York
November 14, 2011

_____
P. Kevin Castel
United States District Judge