USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-4-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CONRAD COOPER,

                       Petitioner,

     -against-

UNITED STATES OF AMERICA,

                       Respondent.
-----------------------------------------------------------x

11 Civ. 3054 (PKC)
04 Cr. 801 (PKC)

MEMORANDUM
AND ORDER

CASTEL, District Judge:

        A review of the post-conviction proceedings in this action is necessary to an understanding of this Court's denial of his "new proposed motion" asserting new grounds for Section 2255 relief. Whether construed as a motion to vacate judgment, a motion to amend or a second successive petition, the motion is without merit.

        Following his conviction at trial, Cooper moved for a new trial, which motion was denied. (04 Cr. 801 (PKC) #504.) The Court of Appeals affirmed and the mandate issued. (Id. #573.) Cooper later moved to vacate his sentence under Section 2255 of title 28, asserting that he was deprived of the Sixth Amendment's guarantee of effective assistance of counsel. (11 Civ. 3054 (PKC).) This Court denied that motion in a Memorandum and Order dated November 14, 2011. (Id. # 7). Cooper filed a notice of appeal on December 28, 2011. (Id. # 9.)

        On July 31, 2012, while the appeal was pending, Cooper moved to vacate the judgment and amend his motion under Section 2255.[1] Because an appeal was then pending, the Court on September 20, 2012 denied the motion. (Id. #13.) On September 27, 2012, the Court

---

[1] The Sixth Amendment grounds asserted in that motion are nearly identical to those asserted in the new proposed motion addressed herein.

of Appeals denied a certificate of appealability, presumably from the November 14, 2011 denial of the Section 2255 motion, and the mandate issued. (Id., # 14.)

On October 1, 2012, Cooper filed a notice of appeal from the September 20 denial of the motion to vacate and amend. (Id. # 17.) On December 18, 2012, Cooper applied for permission to proceed as a poor person, which the Court deems to apply to the appeal from the denial of the motion to amend. (Id. # 18.) As such it is denied because, in the September 20 Order, this Court certified pursuant to 28 U.S.C. § 1915(a)(3) that no appeal would be taken in good faith. Nothing in the December 18, 2012 application causes this Court to change that ruling.

But post-conviction proceedings do not end there. On or about June 18, 2012, Cooper appears to have made an application to the Court of Appeals for an order authorizing this Court to consider a second or successive Section 2255 motion. On September 13, 2012, the Court of Appeals issued an order noting that such a motion was unnecessary because, at the time Cooper sought permission to file a second successive petition, an appeal of this Court's dismissal of the first Section 2255 motion was still pending. (11 Civ. 3054 # 12, Order and Mandate of September 13, 2012.) The Court of Appeals invited Cooper to move for (or this Court to grant sua sponte) an order under Rule 60(b), Fed. R. Civ. P., to vacate the judgment that was the subject of the then-pending appeal and grant Cooper leave to amend. (Id.) The Court of Appeals left it to this Court to consider whether Cooper's new proposed motion should be treated as a new Section 2255 motion or as an amendment to the prior Section 2255 motion. (Id.) Cooper's motion to the Court of Appeals, dated June 18, 2012, was accompanied by a memorandum of law, which was first filed in this Court as an annex to the Order and Mandate of September 13, 2012. (Id.)

Pursuant to the Order and Mandate, this Court first construes Cooper's submission as a motion to vacate the judgment, Rule 60(b), and amend the original Section 2255 motion. The new proposed motion asserts two grounds for relief. It contends that: (1) the statutes under which he was convicted – engaging in a racketeering enterprise, conspiracy to participate in a racketeering enterprise, murder in aid of racketeering, conspiracy to distribute narcotics and using a firearm in furtherance of a drug crime – violate the Commerce Clause and/or principles of state sovereignty; and (2) he was denied the effective assistance of counsel in negotiations that purportedly led to his proceeding to trial and conviction.

There is no basis to vacate the judgment under Rule 60(b) and grant leave to amend the motion. The original Section 2255 motion was filed on April 28, 2011 and was denied by this Court in a Memorandum and Order dated November 14, 2011. By the time the new proposed motion was first presented to the Court of Appeals as seeking leave for "a second or successive motion," there was no longer a pending Section 2255 motion before this Court. Nearly 16 months had passed since the plaintiff's initial motion, and seven months had passed since the Clerk entered judgment. While an ineffective assistance of counsel claim was presented in the original Section 2255 motion, it was factually and legally distinct from the ground presently asserted. The new grounds are not based upon newly discovered evidence. There was no mistake, inadvertence or other reason that justifies relief. Treated as a motion under Rule 60(b) and/or as a motion to amend, the new proposed motion is denied. See, e.g., Whab v. United States, 408 F.3d 116, 118 (2d Cir. 2005) (citing "curable procedural defect" as a basis for district courts to revisit denial of a Section 2255 motion pending on appeal).

Separately, the Court considers whether the motion may be properly considered by this Court as a second or successive Section 2255 petition. Because the Court of Appeals has

4

not made the certification required by Section 2255(h), the Court may not entertain a motion to file a second and successive petition. Even if the Order and Mandate of September 13 were deemed an authorization for Cooper to file a second or successive Section 2255 motion, it should still be denied by this Court under Section 2244(b)(4). The first ground asserted by Cooper is frivolous and does not fall into any category permitted under Section 2255(h). As to the second ground, it does not announce a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2).

Cooper relies upon Missouri v. Frye, ___U.S.___, 132 S. Ct. 1399 (2012) and Lafler v. Cooper, ___U.S.___, 132 S. Ct. 1376 (2012). It is incontrovertible that neither case was available to Cooper at the time of his initial Section 2255 motion and both are based on principles of constitutional law. However, for the reasons set forth by several appellate courts, this Court concludes that Missouri v. Frye and Lafler v. Cooper applied existing Supreme Court precedent and did not announce a new rule of constitutional law, and instead applied the well established Sixth Amendment right to counsel in a specific factual context. See United States v. Lawton, Slip Copy, 2012 WL 6604576 (10th Cir. 2012); In re King, 697 F.3d 1189, 1189 (5th Cir. 2012) (per curiam); Hare v. United States, 688 F.3d 878, 879-80 (7th Cir. 2012); Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012); In re Perez, 682 F.3d 930, 932-34 (11th Cir. 2012).

Petitioner's motion to amend and/or to file a Section 2255 motion is DENIED. Petitioner's December 18, 2012 motion to proceed as a poor person is DENIED.

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Lozada

v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       January 3, 2013