UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                                                                                             04-cr-801 (PKC)

      -against-                                                                                           ORDER

CONRAD COOPER,

                                      Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendant Conrad Cooper moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), citing the Covid-19 pandemic and his health conditions. He was convicted at trial of (1) one count of racketeering in violation of 18 U.S.C. § 1962(c); (2) one count of conspiracy to commit racketeering in violation of 18 U.S.C. § 1962(d); (3) one count of conspiracy to commit murder in violation of 18 U.S.C. § 1959(a)(1) and (2); (4) two counts of violent crimes in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) and (2); (5) two counts of murder in connection with a drug crime in violation of 21 U.S.C. § 848(e)(1)(A); (6) one count of use of a firearm in relation to drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A); (7) one count of murder through use of a firearm in violation of 18 U.S.C. § 924(j); and (8) one count of conspiracy to distribute marijuana in violation of 21 U.S.C. § 846. This Court sentenced Cooper principally to a term of life imprisonment, plus a term of 120 months to run consecutively.[1]

---

[1] Defendant was not sentenced to two consecutive terms of 120 months, as the government suggests. The 120 months on Count 4 ran concurrently to the life term on other counts and the 120 months on Count 9 ran consecutively to the life term on other counts.

Because Cooper's circumstances, viewed in combination and in isolation, do not constitute extraordinary and compelling circumstances that warrant a reduction of his sentence, the motion will be denied.

Section 3582(c)(1)(A) of title 18 provides that "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction." 18 U.S.C.§ 3582(c)(1)(A)(i). The Court has broad discretion and may consider all circumstances in combination and in isolation. See United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Roney, 2020 WL 6387844, at *1 (2d Cir. Nov. 2, 2020) ("Prior to reducing a defendant's term of imprisonment, however, a district court must consider the factors set forth in section 3553(a) to the extent that they are applicable.") (summary order; quotation marks omitted).

On August 5, 2020, Cooper submitted a written request for early release to the Bureau of Prisons, which was denied on August 18, 2020. The government challenges whether he exhausted his remedies because he did not explain the basis for his application for release. The Court need not reach the issue of whether Cooper's request was adequate and assumes for the purposes of this motion that Cooper has exhausted his administrative remedies.

Cooper asserts that he is 39 years old and has a medical history of hypertension, obesity, high cholesterol, fatty liver disease and pre-diabetes.  Among the health conditions that Cooper lists, the Centers for Disease Control lists hypertension, liver disease and obesity as possibly placing persons at increased risk of severe illness from Covid-19.[2]

Cooper notes that a prison setting presents a greater risk of infection from Covid-19 due to close quarters of inmates and inability to practice social distancing.  Cooper resides at FCI Allentown.  A BOP website states that there are currently no inmates and 1 staff member at FCI Allenwood Medium with a confirmed case of Covid-19.[3]  The Court accepts that a person at liberty has greater control than an incarcerated person over his surroundings and can quarantine, practice social distancing and use personal protective equipment as he sees fit.  Also, a person has greater control over the course of his medical treatment if he is at liberty rather than incarcerated.

The government has come forward with evidence that as of July 21, 2021, Cooper had received the second dose of the Moderna vaccine.  He became fully vaccinated 14 days thereafter.  According to the CDC, "[i]nfections happen in only a small proportion of people who are fully vaccinated, even with the Delta variant."[4]

In addition to his health condition he asserts that if he were "sentence[d] today he would not be subject to Double Jeopardy on Counts 10 and 15."  In his reply submission, he expands his argument to also include Counts 7, 8 and 9.  The Court acknowledges that an

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#serious-heart-conditions (accessed September 9, 2021.)
[3] https://www.bop.gov/coronavirus/ (accessed September 9, 2021.)
[4] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html (accessed September 9, 2021.)

argument that a Court cannot reach on a section 2255 motion may serve as a basis for an argument that amounts to an extraordinary and compelling reason for a sentence reduction. But it is of no practical consequence to Cooper because he received concurrent terms of life on Counts 1, 2, 5, and 6.

The Court also has considered the factors set forth in 18 U.S.C. § 3553(a). Cooper was a member of a drug organization called the "Two Mile Posse" at the time of his involvement in the murder conspiracy. Cooper, together with two other co-conspirators, was an active participant in the execution of two other drug dealers in an apartment. The Court notes that the United States Sentencing Commission's June 2019 study of Recidivism Among Federal Firearm Offenders reflects that recidivism of such offenders remains above 60% through age 50 (at p. 22.).[5]

Viewing the circumstances in combination and isolation, the Court finds that Cooper has not met his burden of demonstrating extraordinary and compelling circumstances that warrant a reduction to his sentence. Now that he has been fully vaccinated, his risk of contracting Covid-19 has been substantially reduced and the facility where he is residing presently has no infected inmates. The section 3553(a) factors weigh heavily against his application. The denial of his application does not foreclose the possibility of a new application at some point in the future.

The motion for a sentencing reduction under 18 U.S.C. § 3582(c)(1)(A)(i) is therefore DENIED.

---

[5] https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2019/20190627_Recidivism_Firearms.pdf (accessed September 9, 2021.)

SO ORDERED.

*[signature: P. Kevin Castel]*
P. Kevin Castel
United States District Judge

Dated: New York, New York
September 10, 2021

COPY MAILED TO: Conrad Cooper, FCI Allenwood Medium, Federal Correctional Institution, P.O. BOX 2000, White Deer, PA  17887